UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

UNITED STATES OF AMERICA,

          Plaintiff,

v.                                                          Case No. 18-CR-35

BRADLEY L. TOLLEFSON,

          Defendant.

## PLEA AGREEMENT

1.      The United States of America, by its attorneys, Matthew D. Krueger, United States Attorney for the Eastern District of Wisconsin, and Erica J. Lounsberry, Assistant United States Attorney, and the defendant, Bradley L. Tollefson, individually and by attorney Joshua Uller, pursuant to Rule 11 of the Federal Rules of Criminal Procedure, enter into the following plea agreement:

### CHARGES

2.      The defendant has been charged in a single-count Information, which alleges a violation of Title 18, United States Code, Section 2422(b).

3.      The defendant has read and fully understands the charge contained in the Information. He fully understands the nature and elements of the crime with which he has been charged. The charge and the terms and conditions of the plea agreement have been fully explained to him by his attorney.

4.      The defendant voluntarily agrees to waive prosecution by indictment in open court.

5. The defendant voluntarily agrees to plead guilty to the Information as set forth in full as follows:

## COUNT ONE

Between October 15, 2017 and October 22, 2017, in the State and Eastern District of Wisconsin and elsewhere,

**BRADLEY L. TOLLEFSON**

did use a facility and means of interstate and foreign commerce to knowingly persuade, induce, entice, and coerce an individual who has not attained the age of 18 years to engage in sexual activity for which any person could be charged with a criminal offense.

All in violation of Title 18, United States Code, Section 2422(b).

6. The defendant acknowledges, understands, and agrees that he is, in fact, guilty of the offense described in paragraph 5. The parties acknowledge and understand that if this case were to proceed to trial, the government would be able to prove the facts in Attachment A beyond a reasonable doubt. The defendant admits that the facts in Attachment A are true and correct and establish his guilt beyond a reasonable doubt.

7. This information is provided for the purpose of setting forth a factual basis for the plea of guilty. It is not a full recitation of the defendant's knowledge of, or participation in, this offense.

## PENALTIES

8. The parties understand and agree that the offense to which the defendant will enter a plea of guilty carries a maximum term of life imprisonment and a fine of up to $250,000. The count also carries a mandatory minimum of 10 years of imprisonment, a mandatory special assessment of $100, at least 5 years of supervised release, and a maximum of life on supervised release. The parties further recognize that restitution may be ordered by the Court. The parties'

acknowledgments, understandings, and agreements with regard to restitution are set forth in paragraph 30 of this agreement.

9. The defendant acknowledges, understands, and agrees that he has discussed the relevant statutes as well as the applicable sentencing guidelines with his attorney.

## DISMISSAL OF REMAINING COUNTS

10. The government agrees to move to dismiss the two-count Indictment that was filed on March 7, 2018 at the time of sentencing.

## ELEMENTS

11. The parties understand and agree that in order to sustain the charge of coercion and enticement of a minor as set forth in Count One of the Information, the government must prove each of the following propositions beyond a reasonable doubt:

> First, the Defendant used a facility or means of interstate commerce to knowingly persuade, induce, entice, or coerce CV-1 to engage in sexual activity;
>
> Second, CV-1 was less than 18 years or age;
>
> Third, the Defendant believed that such individual was less than eighteen (18) years of age; and
>
> Four, if the sexual activity had occurred, the defendant would have committed the criminal offense of production of child pornography in violation of 2251(a).

## SENTENCING PROVISIONS

12. The parties agree to waive the time limits in Fed. R. Crim. P. 32 relating to the presentence report, including that the presentence report be disclosed not less than 35 days before the sentencing hearing, in favor of a schedule for disclosure, and the filing of any objections, to be established by the Court at the change of plea hearing.

13. The parties acknowledge, understand, and agree that any sentence imposed by the Court will be pursuant to the Sentencing Reform Act, and that the Court will give due regard to the Sentencing Guidelines when sentencing the defendant.

14. The parties acknowledge and agree that they have discussed all of the sentencing guidelines provisions which they believe to be applicable to the offense set forth in paragraph 5. The defendant acknowledges and agrees that his attorney in turn has discussed the applicable sentencing guidelines provisions with him to the defendant's satisfaction.

15. The parties acknowledge and understand that prior to sentencing, the United States Probation Office will conduct its own investigation of the defendant's criminal history. The parties further acknowledge and understand that, at the time the defendant enters a guilty plea, the parties may not have full and complete information regarding the defendant's criminal history. The parties acknowledge, understand, and agree that the defendant may not move to withdraw the guilty plea solely as a result of the Sentencing Court's determination of the defendant's criminal history.

## Sentencing Guidelines Calculations

16. The defendant acknowledges and understands that the sentencing guidelines recommendations contained in this agreement do not create any right to be sentenced within any particular sentence range, and that the Court may impose a reasonable sentence above or below the guideline range. The parties further understand and agree that if the defendant has provided false, incomplete, or inaccurate information that affects the calculations, the government is not bound to make the recommendations contained in this agreement.

## Relevant Conduct

17. The parties acknowledge, understand, and agree that pursuant to Sentencing Guidelines Manual § 1B1.3, the sentencing judge may consider relevant conduct in calculating the

4

sentencing guidelines range, even if the relevant conduct is not the subject of the offense to which the defendant is pleading guilty. The parties further understand and agree that if the defendant has provided false, incomplete, or inaccurate information that affects the calculations, the government is not bound to make the recommendations contained in this agreement.

### Base Offense Level

18. The parties agree to recommend to the Sentencing Court that the applicable base offense level for the offense charged in Count One of the Information is 32 under Sentencing Guidelines Manual § 2G2.1(a).

### Minor Who Had Not Attained the Age of Sixteen Years

19. The parties agree to recommend to the Sentencing Court that a two-level increase is applicable to the offense charged in Count One of the Information pursuant to Sentencing Guidelines Manual § 2G2.1(b)(1), because the offense involved a minor who had attained the age of twelve years but not attained the age of sixteen years.

### Use of an Interactive Computer Service

20. The parties agree to recommend to the Sentencing Court that a two-level increase is applicable to the offense charged in Count One of the Information pursuant to Sentencing Guidelines Manual § 2G2.1(b)(6), because the offense involved the use of a computer or an interactive computer service to persuade, induce, entice, coerce, or otherwise solicit participation by a minor in sexually explicit conduct.

### Acceptance of Responsibility

21. The government agrees to recommend a two-level decrease for acceptance of responsibility as authorized by Sentencing Guidelines Manual § 3E1.1(a), but only if the defendant exhibits conduct consistent with the acceptance of responsibility. The defendant acknowledges, understands, and agrees that conduct consistent with the acceptance of responsibility includes but

5

is not limited to the defendant's voluntary identification and disclosure to the government of any and all actual or potential victims of the offense prior to sentencing. In addition, if the Court determines at the time of sentencing that the defendant is entitled to the two-level reduction under § 3E1.1(a), the government agrees to make a motion recommending an additional one-level decrease as authorized by Sentencing Guidelines Manual § 3E1.1(b) because the defendant timely notified authorities of his intention to enter a plea of guilty.

## Sentencing Recommendations

22. Both parties reserve the right to provide the district court and the probation office with any and all information which might be pertinent to the sentencing process, including but not limited to any and all conduct related to the offense as well as any and all matters which might constitute aggravating or mitigating sentencing factors.

23. Both parties reserve the right to make any recommendation regarding any and all factors pertinent to the determination of the sentencing guideline range; the fine to be imposed; the length of supervised release and the terms and conditions of the release; the defendant's custodial status pending the sentencing; and any other matters not specifically addressed by this agreement.

24. The parties agree to recommend a sentence of the mandatory minimum of 10 years in prison followed by 5 years of supervised release.

## Court's Determinations at Sentencing

25. The parties acknowledge, understand, and agree that neither the Sentencing Court nor the United States Probation Office is a party to or bound by this agreement. The United States Probation Office will make its own recommendations to the sentencing Court. The Sentencing Court will make its own determinations regarding any and all issues relating to the imposition of sentence and may impose any sentence authorized by law up to the maximum penalties set forth

in paragraph 8 above. The parties further understand that the Sentencing Court will be guided by the sentencing guidelines but will not be bound by the sentencing guidelines and may impose a reasonable sentence above or below the calculated guideline range.

26. The parties acknowledge, understand, and agree that the defendant may not move to withdraw the guilty plea solely as a result of the sentence imposed by the Court.

## **FINANCIAL MATTERS**

27. The defendant acknowledges and understands that any and all financial obligations imposed by the Sentencing Court are due and payable in full upon entry of the judgment of conviction. The defendant further understands that any payment schedule imposed by the Sentencing Court shall be the minimum the defendant is expected to pay and that the government's collection of any and all Court-imposed financial obligations is not limited to the payment schedule. The defendant agrees not to request any delay or stay in payment of any and all financial obligations. If the defendant is incarcerated, the defendant agrees to participate in the Bureau of Prisons' Inmate Financial Responsibility Program, regardless of whether the Court specifically directs participation or imposes a schedule of payments.

28. The defendant agrees to provide to the Financial Litigation Unit (FLU) of the United States Attorney's Office, at least 30 days before sentencing, and also upon request of the FLU during any period of probation or supervised release imposed by the Court, a complete and sworn financial statement on a form provided by FLU and any documentation required by the form. The defendant further agrees, upon request of FLU whether made before or after sentencing, to promptly: cooperate in the identification of assets in which the defendant has an interest, cooperate in the liquidation of any such assets, and participate in an asset deposition.

7

### Special Assessment

29. The defendant agrees to pay the special assessment in the amount of $100 prior to or at the time of sentencing.

### Restitution

30. The defendant agrees to pay restitution as ordered by the Court, and that such restitution shall be due and payable immediately.

### Forfeiture

31. The defendant agrees that all properties listed in the Information were used to facilitate the offense to which he is pleading guilty. The defendant agrees to the forfeiture of these properties and to the immediate entry of a preliminary order of forfeiture. The defendant agrees that he has an interest in each of the listed properties. The parties acknowledge and understand that the government reserves the right to proceed against assets not identified in this agreement.

### **DEFENDANT'S WAIVER OF RIGHTS**

32. In entering this agreement, the defendant acknowledges and understands that he surrenders any claims he may have raised in any pretrial motion, as well as certain rights which include the following:

   a. If the defendant persisted in a plea of not guilty to the charges against him, he would be entitled to a speedy and public trial by a court or jury. The defendant has a right to a jury trial. However, in order that the trial be conducted by the judge sitting without a jury, the defendant, the government and the judge all must agree that the trial be conducted by the judge without a jury.

   b. If the trial is a jury trial, the jury would be composed of twelve citizens selected at random. The defendant and his attorney would have a say in who the jurors would be by removing prospective jurors for cause where actual bias or other disqualification is shown, or without cause by exercising peremptory challenges. The jury would have to agree unanimously before it could return a verdict of guilty. The Court would instruct the jury that the defendant is presumed innocent until such time, if ever, as the government establishes guilt by competent evidence to the satisfaction of the jury beyond a reasonable doubt.

8

  c. If the trial is held by the judge without a jury, the judge would find the facts and determine, after hearing all of the evidence, whether or not he was persuaded of defendant's guilt beyond a reasonable doubt.

  d. At such trial, whether by a judge or a jury, the government would be required to present witnesses and other evidence against the defendant. The defendant would be able to confront witnesses upon whose testimony the government is relying to obtain a conviction and he would have the right to cross-examine those witnesses. In turn the defendant could, but is not obligated to, present witnesses and other evidence on his own behalf. The defendant would be entitled to compulsory process to call witnesses.

  e. At such trial, defendant would have a privilege against self-incrimination so that he could decline to testify and no inference of guilt could be drawn from his refusal to testify. If defendant desired to do so, he could testify on his own behalf.

33. The defendant acknowledges and understands that by pleading guilty he is waiving all the rights set forth above. The defendant further acknowledges the fact that his attorney has explained these rights to him and the consequences of his waiver of these rights. The defendant further acknowledges that as a part of the guilty plea hearing, the Court may question the defendant under oath, on the record, and in the presence of counsel about the offense to which the defendant intends to plead guilty. The defendant further understands that the defendant's answers may later be used against the defendant in a prosecution for perjury or false statement.

34. The defendant acknowledges and understands that he will be adjudicated guilty of the offense to which he will plead guilty and thereby may be deprived of certain rights, including but not limited to the right to vote, to hold public office, to serve on a jury, to possess firearms, and to be employed by a federally insured financial institution.

35. The defendant knowingly and voluntarily waives all claims he may have based upon the statute of limitations, the Speedy Trial Act, and the speedy trial provisions of the Sixth Amendment. The defendant agrees that any delay between the filing of this agreement and the

entry of the defendant's guilty plea pursuant to this agreement constitutes excludable time under the Speedy Trial Act.

36. Based on the government's concessions in this agreement, the defendant knowingly and voluntarily waives his right to appeal his sentence in this case and further waives his right to challenge his conviction or sentence in any post-conviction proceeding, including but not limited to a motion pursuant to 28 U.S.C. § 2255. As used in this paragraph, the term "sentence" means any term of imprisonment, term of supervised release, term of probation, supervised release condition, fine, forfeiture order, and restitution order. The defendant's waiver of appeal and post-conviction challenges includes the waiver of any claim that (1) the statute or Sentencing Guidelines under which the defendant is convicted or sentenced are unconstitutional, and (2) the conduct to which the defendant has admitted does not fall within the scope of the statute or Sentencing Guidelines. This waiver does not extend to an appeal or post-conviction motion based on (1) any punishment in excess of the statutory maximum, (2) the Sentencing Court's reliance on any constitutionally impermissible factor, such as race, religion, or sex, (3) ineffective assistance of counsel in connection with the negotiation of the plea agreement or sentencing, or (4) a claim that the plea agreement was entered involuntarily.

## **Further Civil or Administrative Action**

37. The defendant acknowledges, understands, and agrees that the defendant has discussed with his attorney and understands that nothing contained in this agreement, including any attachment, is meant to limit the rights and authority of the United States of America or any other state or local government to take further civil, administrative, or regulatory action against the defendant, including but not limited to any listing and debarment proceedings to restrict rights and opportunities of the defendant to contract with or receive assistance, loans, and benefits from United States government agencies.

10

Case 2:18-cr-00043-JPS   Filed 03/14/19   Page 10 of 15   Document 48

## MISCELLANEOUS MATTERS

38. Pursuant to 18 U.S.C. § 3583(d), the defendant has been advised and understands the Court shall order as a mandatory condition of supervised release, that the defendant comply with state sex offender registration requirements. The defendant also has been advised and understands that under the Sex Offender Registration and Notification Act, a federal law, he must register and keep the registration current in each of the following jurisdictions: the location of his residence; the location of his employment; and, if he is a student, the location of his school. Registration will require that the defendant provide information that includes, name, residence address, and the names and addresses of any places at which he will be an employee or a student. The defendant understands that he must update his registration not later than three business days after any change of name, residence, employment, or student status. The defendant understands that failure to comply with these obligations may subject him to prosecution for failure to register under federal law, 18 U.S.C. § 2250, which is punishable by a fine and/or imprisonment.

## GENERAL MATTERS

39. The parties acknowledge, understand, and agree that this agreement does not require the government to take, or not to take, any particular position in any post-conviction motion or appeal.

40. The parties acknowledge, understand, and agree that this plea agreement will be filed and become part of the public record in this case. The parties acknowledge, understand, and agree that the United States Attorney's office is free to notify any local, state, or federal agency of the defendant's conviction.

41. The defendant understands that pursuant to the Victim and Witness Protection Act, the Justice for All Act, and regulations promulgated thereto by the Attorney General of the United States, the victim of a crime may make a statement describing the impact of the offense on the

victim and further may make a recommendation regarding the sentence to be imposed. The defendant acknowledges and understands that comments and recommendations by a victim may be different from those of the parties to this agreement.

### EFFECT OF DEFENDANT'S BREACH OF PLEA AGREEMENT

42. The defendant acknowledges and understands if he violates any term of this agreement at any time, engages in any further criminal activity prior to sentencing, or fails to appear for sentencing, this agreement shall become null and void at the discretion of the government. The defendant further acknowledges and understands that the government's agreement to dismiss any charge is conditional upon final resolution of this matter. If this plea agreement is revoked or if the defendant's conviction ultimately is overturned, then the government retains the right to reinstate any and all dismissed charges and to file any and all charges which were not filed because of this agreement. The defendant hereby knowingly and voluntarily waives any defense based on the applicable statute of limitations for any charges filed against the defendant as a result of his breach of this agreement. The defendant understands, however, that the government may elect to proceed with the guilty plea and sentencing. If the defendant and his attorney have signed a proffer letter in connection with this case, then the defendant further acknowledges and understands that he continues to be subject to the terms of the proffer letter.

### VOLUNTARINESS OF DEFENDANT'S PLEA

43. The defendant acknowledges, understands, and agrees that he will plead guilty freely and voluntarily because he is in fact guilty. The defendant further acknowledges and agrees that no threats, promises, representations, or other inducements have been made, nor agreements reached, other than those set forth in this agreement, to induce the defendant to plead guilty.

## ACKNOWLEDGMENTS

I am the defendant. I am entering into this plea agreement freely and voluntarily. I am not now on or under the influence of any drug, medication, alcohol, or other intoxicant or depressant, whether or not prescribed by a physician, which would impair my ability to understand the terms and conditions of this agreement. My attorney has reviewed every part of this agreement with me and has advised me of the implications of the sentencing guidelines. I have discussed all aspects of this case with my attorney and I am satisfied that my attorney has provided effective assistance of counsel.

Date: 3-13-19

BRADLEY L. TOLLEFSON
Defendant

I am the defendant's attorney. I carefully have reviewed every part of this agreement with the defendant. To my knowledge, my client's decision to enter into this agreement is an informed and voluntary one.

Date: 3/13/19

JOSHUA ULLER
Attorney for Defendant

For the United States of America:

Date: 3/14/19

MATTHEW D. KRUEGER
United States Attorney

Date: 3/14/19

ERICA J. LOUNSBERRY
Assistant United States Attorney

13

## ATTACHMENT A

CV-1 was thirteen years old when the defendant, Bradley Tollefson, persuaded her to send him posed nude photos and videos of her masturbating with a hairbrush. On November 5, 2017, CV-1's grandmother noticed that CV-1 appeared to be talking to an unknown male via Skype on CV-1's cell phone. CV-1 admitted that she had talked to males online and admitted sending photos of herself to these men. CV-1's mother reviewed CV-1's cell phone and observed photos and videos of CV-1 naked and touching herself. Investigators forensically examined CV-1's phone. On it, they found a number of concerning "selfie" style photographs of CV-1, including some of her holding her shirt up to expose her breasts, and one in which she was inserting her fingers into her vagina. Some of those pictures constitute child pornography. CV-1 admitted to investigators that she had created explicit pictures and videos of herself for the men at their request and sent them to the men via a live video streaming app called Live.me.

CV-1 told her parents that one of the men who requested pictures from her, and to whom she sent pictures, identified himself as Chord Bennett. This user was later determined, based on subscriber information and IP addresses, to be Tollefson. Pursuant to a subpoena, Live.Me turned over some of CV-1's account activity around the date the images in question were created. That activity showed a series of text conversations between CV-1 and Live.Me user, "bennettc." The chat logs reflect that CV-1 and Tollefson first began communicating with one another on October 16, 2017 in China Standard Time. The majority of their communication on Live.me was on October 17, 2017 (China Standard Time), however they exchanged messages on a few other occasions between October 20 and October 28. Their chats opened with the following exchange:

Tollefson: u r hot r u single

CV-1: Yes

Tollefson: age

14

Tollefson: can I see pic u r so hot

CV-1: 13 and no

CV-1: So

Tollefson: that is me

CV-1: Not seeing it

Tollefson: only can see it when off your live

CV-1: Ok

As the conversation continued, CV-1 asked Tollefson for a "truth or dare." Tollefson began by requesting photos of CV-1's clothed chest, followed by pictures of her naked breasts. He also offered to send a photo of himself "under [his] boxers." Tollefson offered CV-1 a castle (one of the virtual gifts in Live.Me that a user can send to another user) in exchange for photos of her performing these dares. When CV-1 initially refused to send a photo of her breasts, Tollefson replied, "ok bye I'll send castle to this other girl." Moments later, CV-1 replied, "Ok fine," and, "There happy."

Tollefson sent CV-1 instructions asking her to take clearer or closer photos. CV-1 requested "different" dares each time she completed one of Tollefson's requests. Tollefson's requests because increasingly explicit, such as asking her to take a photo spreading open her vagina with her fingers, and he continued to offer her virtual gifts available in Live.Me in exchange for the photos and videos.

Tollefson also asked CV-1 for videos. He requested a "quick" video of her "fingering" herself. CV-1 told Tollefson she did not understand what that term meant, so Tollefson explained it to her. Tollefson also asked then CV-1 to send him a video of her masturbating with a hairbrush. She replies that she sent two videos. Their conversations on Live.me ended on October 22, 2017, after Tollefson invited CV-1 to meet him on Skype.

15